MATTHEW H. POPPE (SBN: 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE CORPORATION, <br><br> Defendants. | Case No.:  3:21-cv-3065 <br><br> **COMPLAINT** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Yuntek International, Inc. ("Yuntek" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against John Doe Corporation ("John Doe" or "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

2. This action is based on Defendant's ongoing infringement of U.S. Patent No. 6,715,446 B2 (the "'446 Patent"), entitled "Pet Tent," which Yuntek owns and which was validly issued by the United States Patent and Trademark Office ("USPTO") on April 6, 2004, and amended by Inter Partes Reexamination Certificate issued by the USPTO on August 28, 2012.  A copy of the '446 Patent is attached hereto as Exhibit A.

### PARTIES

3. Yuntek is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2416 Tripaldi Way, Hayward, California.

4. Upon information and belief, Defendant John Doe is an entity that offers for sale and sells products on www.ebay.com ("eBay") under the name bicoins_de ("Bicoins").  Based on information available on eBay, Defendant is operating out of Shanghai, People's Republic of China.  Yuntek does not know Defendant's identity, principal place of business, or the laws under which it is organized.  Yuntek will amend its Complaint to name John Doe once its identity is learned.

### INTRADISTRICT ASSIGNMENT

5. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an intellectual property case subject to district-wide assignment.  In view of Yuntek's location in Alameda County and Defendant's apparent location in the People's Republic of China, Yuntek requests assignment to any of the San Francisco, Oakland, or San Jose Divisions.

### JURISDICTION AND VENUE

6. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* The Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338(a), and/or 1367.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. Depending on the residence of John Doe, venue may also be proper under 28 U.S.C. § 1391(b)(1) and 1400(b). This District is a convenient forum for resolution of the parties' disputes set forth herein because, among other things, Yuntek is located in this District and, on information and belief, acts of infringement have occurred in this District.

8. The Court has personal jurisdiction over Defendant because, on information and belief, Defendant intentionally directs its infringing activities to the United States and this District, and infringing sales have in fact occurred in the United States and this District, and Defendant has therefore purposefully availed itself of the privileges and benefits of doing business in the United States and this District in connection with its infringing activities that form the basis of this lawsuit. Defendant offers for sale and has sold the infringing product to customers in the United States and this District on eBay through the seller profile Bicoins that, according to the information available on eBay, is located in Shanghai.

**GENERAL ALLEGATIONS**

9. Yuntek designs and develops pet homes and carriers, including its Pet Tent product. Yuntek has several patents on these products, including, but not limited to, the '446 Patent.

10. The '446 Patent was duly issued by the USPTO on April 6, 2004. Yuntek is, and at all relevant times has been, the sole owner by assignment of all right, title, and interest in and to the '446 Patent.

11. The '446 Patent discloses and claims a novel pet carrier that is collapsible, foldable into a compact shape, and lightweight, yet forms a sturdy structure when assembled and is also comfortable for a pet.

12. Yuntek sells a Pet Tent product that embodies the inventions of the '446 Patent and which Yuntek has sold for many years. Yuntek also licenses the '446 Patent to another maker of products that embody the inventions of the '446 Patent.

13. On information and belief, John Doe has sold and continues to sell on eBay the "Pet Portable Crate Collapsible Folding Pet Cage for Travel Home and Outdoor" available in different sizes that infringes the '446 Patent ("Accused Product"). The Accused Product is pictured below,

as shown on eBay (last visited on April 20, 2021). On information and belief, John Doe identifies this product as Model #293899041607.

14. On March 4, 2021, Yuntek advised Bicoins via eBay of the '446 Patent and requested Bicoins to cease and desist offering for sale and selling Accused Product. Bicoins has blocked any communication from Yuntek on eBay and has continued to list the Accused Product for sale.

## COUNT I
### (Infringement of U.S. Patent No. 6,715,446)

15. Yuntek incorporates by reference the allegations of paragraphs 1-15 above, inclusive, as if fully set forth here.

16. Yuntek owns the '446 Patent, which duly issued on April 6, 2004 and is presumed by law to be valid and enforceable. Yuntek has owned the '446 Patent continuously since its issuance.

17. John Doe has infringed and continues to infringe one or more claims of the '446 Patent, including, but not limited to, claim 6, by importing the Accused Products into the United States, selling them in the United States, and offering them for sale in the United States, without a license or other permission from Yuntek.

18. John Doe has indirectly infringed and continues to indirectly infringe one or more claims of the '446 Patent, including, but not limited to, claim 6, by inducing the infringement by others in the United States, including, but not limited to, John Doe's customers who purchase and/or use the Accused Products in the United States, without a license or other permission from Yuntek.

19. John Doe's acts of inducement include advertising the Accused Product on eBay through which customers in the United States may purchase the Accused Product, delivering the

Accused Product to customers in the United States, and providing such customers with instructions for use of the Accused Product on the websites and with the deliveries.

20. Since at least March 2021, John Doe has engaged in acts of inducement knowing of the '446 Patent and knowing that the induced acts constitute infringement of the '446 Patent.

21. Since at least March 2021, John Doe's infringement of the '446 Patent has been willful in view of Pet Life's actual knowledge of the '446 Patent and Yuntek's accusations of infringement, thereby entitling Yuntek to enhanced damages pursuant to 35 U.S.C. § 284.

22. Yuntek has been damaged by John Doe's infringement in an amount to be determined through discovery. On information and belief, Yuntek has suffered lost revenue and is entitled, at a minimum, to a reasonable royalty on John Doe's infringing sales and other acts, together with prejudgment and post-judgment interest. The harm suffered by Yuntek is irreparable, and Yuntek has no adequate remedy at law, warranting injunctive relief.

23. This is an exceptional case such that Yuntek is entitled to recover its reasonable attorney fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Yuntek respectfully prays for the following against John Doe:

1. Entry of judgment in favor of Yuntek and against John Doe for direct and indirect infringement of one or more claims of the '446 Patent;

2. Compensatory damages in an amount to be proven at trial for John Doe's past infringement and any future infringement up to the date that John Doe is finally and permanently enjoined from further infringement;

3. Enhanced damages pursuant to 35 U.S.C. § 284;

4. Prejudgment and post-judgment interest at the maximum rate permitted by law;

5. Attorney fees pursuant to 35 U.S.C. § 285;

6. Yuntek's costs of suit;

7. An order enjoining John Doe, its direct or indirect parents, subsidiaries, affiliates, divisions, successors, and assigns, their respective directors, officers, employees, and agents, and

those acting in privity or concert with any of them, from further acts of direct or indirect infringement of the '446 Patent; and

8. Such other relief as the Court may deem just and proper.

DATED: April 27, 2021                    RIMON, P.C.


By: */s/ Matthew H. Poppe*
Matthew H. Poppe
Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Yuntek International, Inc. hereby demands a trial by jury of all issues so triable.

DATED: April 27, 2021                    RIMON, P.C.


By: */s/ Matthew H. Poppe*
Matthew H. Poppe
Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.