MATTHEW H. POPPE (SBN: 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE CORPORATION,<br><br>Defendants. | Case No.: 3:21-cv-3065<br><br>**PLAINTIFF YUNTEK INTERNATIONAL, INC.'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**<br><br>**[N.D. Civ. L.R. 7-10]** |

## I. INTRODUCTION

Defendant John Doe Corporation ("John Doe" or "Defendant") has been selling and is offering for sale a pet carrier on www.ebay.com that is infringing Plaintiff Yuntek International Inc.'s ("Yuntek") U.S. Patent No. 6,715,446 B2 (the "'446 Patent"), entitled "Pet Tent," which Yuntek owns and which was validly issued by the United States Patent and Trademark Office ("USPTO") on April 6, 2004.

Yuntek moves this Court for an order allowing it to take discovery from third party eBay, Inc. ("eBay"), headquartered in San Jose, California, to obtain information that is reasonably likely to lead to the identity of John Doe. As set forth below, the court should grant Yuntek's Motion because good cause exists for the proposed discovery.

## II. STATEMENT OF FACTS

Yuntek designs and develops pet homes and carriers, including its Pet Tent product. Yuntek has several patents on these products, including, but not limited to, the '446 Patent. (Complaint ¶ 10). The '446 Patent discloses and claims a novel pet carrier that is collapsible, foldable into a compact shape, and lightweight, yet forms a sturdy structure when assembled and is also comfortable for a pet. (*Id.* ¶ 12).

The '446 Patent was duly issued by the USPTO on April 6, 2004. Yuntek is, and at all relevant times has been, the sole owner by assignment of all right, title, and interest in and to the '446 Patent. (*Id.* ¶ 11).

Yuntek sells a Pet Tent product that embodies the inventions of the '446 Patent and which Yuntek has sold for many years. Yuntek also licenses the '446 Patent to another maker of products that embody the inventions of the '446 Patent. (*Id.* ¶ 13).

Yuntek became aware on or around March 2021 that John Doe was selling and offering for sale on eBay a "Pet Portable Crate Collapsible Folding Pet Cage for Travel Home and Outdoor," available in different sizes, that infringes the '446 Patent ("Accused Product"). On information and belief, John Doe identifies this product as Model #293899041607. (*Id.* ¶ 14).

On March 4, 2021, Yuntek sent a message via eBay to John Doe, registered on eBay as "bicoins_de" ("Bicoins"), advising John Doe that the Accused Product infringes the '446 Patent

and requesting that John Doe stop offering for sale and selling the Accused Product. (Declaration of Michael Martin ("Martin Decl.") ¶ 4). Bicoins did not respond to the infringement allegation, blocked any communication from Yuntek on eBay, and has continued to list the Accused Product on eBay. (*Id.*).

Yuntek has tried to identify the person or entity that is selling the Accused Product under the Bicoins seller name. The only information available on www.ebay.com is the location of the seller, namely Shanghai, People's Republic of China. (*Id.* ¶ 2). Bicoins' seller profile does not contain any further information that could reveal the identity or location of the entity or person that is selling the Accused Product under the Bicoins name, and any efforts by Yuntek to identify the entity have been futile. (*Id.* ¶¶ 2, 5-6).

## III. GOOD CAUSE EXISTS TO ORDER EXPEDITED DISCOVERY

Under Federal Rule of Civil Procedure 26(d), a court may authorize discovery to be taken before the parties' conference pursuant to Rule 26(f) for the parties' convenience and in the interest of justice. In the 9th Circuit, courts generally consider whether a plaintiff has shown "good cause" for early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002).

When the identities of the defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

In this context, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *See Skout, Inc v. Jen Processing, Ltd*, No. 14-CV-02341-JSC, 2015 WL 224930, at *2 (N.D. Cal. Jan. 15, 2015) (citing

*OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011)).

Along these lines, Courts routinely grant *ex parte* applications to serve Rule 45 subpoenas in order to identify Doe defendants. *See, e.g., G.N. Iheaku & Co. Ltd. v. Does 1-3,* No. C 14-02069 LB, 2014 WL 2759075 (N.D. Cal. June 17, 2014); *Braun v. Primary Distrib. Doe No. 1*, No. 12-5812 MEJ, 2012 WL 6087179 (N.D. Cal. Dec. 6, 2012); *Millennium TGA, Inc. v. Does 1-21*, No. 11-2258 SC, 2011 WL 2976883 (N.D. Cal. July 22, 2011).

Yuntek's application for expedited discovery from third-party eBay falls squarely within this realm of *ex parte* applications granted by courts in similar cases and satisfies the criteria laid out in *Skout*. Yuntek's application for discovery should therefore be granted.

**A. Yuntek Has Sufficiently Identified John Doe**

Under the first factor, "the Court must examine whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Pac. Century Int'l, Ltd. v. Does 1–48,* No. 11–3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011).

First, Yuntek has established that Defendant is a real person or entity that sells and has been selling the Accused Product on eBay under the username bicoins_de. (Complaint ¶ 14). The Court can establish specific personal jurisdiction over Defendant—*i.e.*, Defendant can be sued in this Court—even if Defendant is a foreign person or entity because Defendant has sold infringing products in this District and throughout the United States. To evaluate whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction in the forum state, courts in the Ninth Circuit employ a three-prong test, of which the plaintiff must prove the first two:

> (1) the non-resident defendant must purposefully direct his activities into the forum or purposefully avail himself of the privilege of conducting activities in the forum;
>
> (2) the claim must arise out of or relate to forum related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004).

Here, Yuntek has presented facts according to which the Defendant has been purposefully selling and is offering for sale products infringing Yuntek's '446 Patent on eBay – a website that can be accessed from anywhere in the U.S. – including the State of California. (Complaint ¶¶ 9, 14-15). Thus, Defendant's actions cause foreseeable harm in California. This is sufficient to show that the Defendant may be amenable to suit in federal court and has subjected itself to this Court's jurisdiction. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L' Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006).

**B. Yuntek Has Made Good Faith Efforts to Locate John Doe**

"Under the second factor, the party should identify all previous steps taken to locate the elusive defendant. This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Skout, Inc,* at *3 (N.D. Cal. Jan. 15, 2015).

Here, Yuntek has unsuccessfully exhausted all available routes to identify the entity or individual behind Bicoins. Specifically, Yuntek undertook the following steps: (1) setting up an eBay account and contacting Bicoins about the infringement through eBay (Martin Decl. ¶¶ 3-4); (2) checking all available information on eBay about the seller in order to find a lead on the identity of the individual or entity behind Bicoins (*id.* ¶ 2); (3) conducting online research with the limited information available, such as the seller's username (Bicoins) and apparent location (Shanghai) (*id.* ¶ 5); and (4) ordering a sample of the Accused Product from Bicoins in order to check whether the shipment would include any information on the seller (*id.* ¶ 6).

All of these efforts were futile. Bicoins did not respond to the infringement accusation. Instead, it seems that Bicoins complained about the communication from Yuntek to eBay since eBay blocked Yuntek's account a short time later. (*Id.* ¶ 4). Accordingly, Yuntek cannot contact Bicoins again via eBay, nor is Yuntek aware of any other way to reach out to Bicoins. The seller's profile – except for the location (Shanghai) – does not contain an email or physical address, or any other pieces of information that would allow Yuntek to contact Defendant or learn Defendant's identity.

**C. Yuntek's Complaint Could Withstand a Motion to Dismiss**

Under the third requirement, a "plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999). The plaintiff must show "that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed the act." *Id*. at 580.

Here, Yuntek is claiming direct patent infringement under 35 U.S. § 271(a) and inducement under § 271(b). (Count I, Complaint ¶¶ 16-24), both of which are pleaded sufficiently to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

**a. Direct Infringement, 35 U.S.C. § 271(a)**

Section 271(a) provides in pertinent part that whoever without authority offers to sell or sells within the United States, or imports into the United States, any patented invention during the term of the patent therefor, infringes the patent.

Claims of direct patent infringement are sufficiently pleaded to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if they contain:(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *Koninklijke Philips Elecs. N V v. Natl. Film Laboratories Inc.,* CV124576GAFFFMX, 2012 WL 12886498, at *3 (C.D. Cal. Sept. 25, 2012), citing *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig*.), 681 F.3d 1323, 1337 (Fed. Cir. 2012). Specifically, "patentees need not allege facts explaining why the accused products allegedly infringe" or "to specifically list the accused products." *Pet Check Tech., LLC v. Handlr, Inc.,* CV 18-962-R, 2018 WL 8333418, at *2 (C.D. Cal. Sept. 11, 2018) (internal quotations omitted). Here, however, Yuntek has specifically identified at least one Accused Product, which is an exact replica of the claimed invention. *See* Complaint ¶ 13; *compare id*., Ex. A, Fig. 1.

Yuntek has laid out all of the required elements in its Complaint by showing that (1) Yuntek is the sole owner of the valid and enforceable '446 patent, (2) Defendant has been offering to sell

and selling the Accused Product within the United States without authority from Yuntek, and (3) Yuntek put Defendant on notice about the patent and the infringement (Complaint ¶¶ 17-18). Lastly, the Complaint also alleges jurisdiction (*id.* ¶¶ 6-9) and contains a demand for an injunction and damages (*id.*, Prayer for Relief, ¶¶ 2, 3, 7).

**b. Inducement, 35 U.S.C. § 271(b)**

Yuntek's claim for inducement under §271(b) would likewise survive a motion to dismiss under the pleading requirement that the complaint "must contain facts plausibly showing that Defendants specifically intended their customers to infringe the patent at issue and knew that the customer's acts constituted infringement." *Koninklijke Philips Elecs. N V,* at 4.

The Complaint contains facts showing that Yuntek notified Defendant of the '446 patent and requested that they stop selling the Accused Product. Accordingly, Defendant had knowledge of the patent and nonetheless advertised, sold, and delivered the Accused Product to eBay customers in the United States, and provided such customers with instructions for use of the Accused Product on eBay and with the deliveries. (Complaint ¶ 20). Defendant therefore intended that the customers use the Accused Product in the patented manner, thereby infringing Yuntek's '446 Patent.

**D. There Is a Reasonable Likelihood that the Proposed Discovery Will Uncover the Identity of John Doe**

The proposed subpoena seeks information that is likely to lead to uncovering John Doe's identity. The subpoena asks eBay to produce all information that identifies or will enable Yuntek to identify the individual or entity behind the seller with the Bicoins username. Such information is believed to be in eBay's possession because individuals and entities selling goods on eBay must provide their actual names (personal or business names) when setting up an account. Only in a separate step can users then choose a username under which they want to conduct business on eBay. Thus, the information sought from eBay is likely to allow Yuntek to identify John Doe.

**E. There is No Prejudice to eBay From the Proposed Discovery**

The responding party, eBay, will not be prejudiced by Yuntek's proposed discovery. *Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party").

Given that seeking discovery from eBay may be the only way that Yuntek can be expected to identify John Doe, and that eBay is an established provider who routinely deals with discovery requests and would suffer little burden from producing the requested information, Yuntek has shown that its need for early discovery outweighs any prejudice to eBay.

**IV. CONCLUSION**

For the foregoing reasons, Yuntek respectfully requests that the Court grant its Motion.

DATED: April 27, 2021

RIMON, P.C.

By: *<u>/s/ Matthew H. Poppe</u>*
Matthew H. Poppe
Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.